## C. STEVENS *v.* THE STATE.

1. EVIDENCE OF CHARACTER OF PARTY ASSAULTED is not, as a general rule, admissible.

2. SAME.—Being on trial for an aggravated assault on a female, the accused, an adult male, proposed to prove that she was a woman of violent temper and disposition, and likely, if exasperated, to do bodily injury to him. There was no proof that the accused, at the time of the assault, was in

danger of bodily injury from the woman. *Held,* that the proposed. evidence was properly excluded.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. Gustave Cook.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

Ector, Presiding Judge.    There is no assignment of error in this cause.    The counsel for the defendant in the lower court neither excepted to the charge of the court nor asked any additional instructions.    On the trial the counsel for the defendant asked the witness Paul Bremond, in whose family the record shows that the defendant and Rose Quigly lived as fellow-servants at the time of the alleged assault, whether said Rose Quigly was a woman of violent. temper and disposition, and would be likely to do bodily injury to defendant if exasperated, to which question the counsel for the state objected, and the objection was sustained by the court; to which ruling the counsel for the defendant excepted and took a bill of exceptions.

As a general rule, evidence as to the character of the person injured is not admissible, the character being no part of the *res gestæ.*    In trials for murder the reputation of the deceased may be given in evidence when the circumstances. of the case raise a doubt in regard to the question whether the prisoner acted in self-defense.    The rule is well settled that the reputation of the deceased cannot be given in evidence unless, at least, the circumstances of the case raise a. doubt in regard to the question whether the prisoner acted in self-defense.    It is no excuse for a murder that a person murdered was a bad man; but it has been held that the reputation of the deceased may be given in evidence to show

that the defendant was justified in believing himself in danger of losing his life, or of sustaining serious bodily injury from the deceased. See 1 Whart. Am. Cr. Law, 641. Also, *Horbach* v. *The State*, 43 Texas, 242.

If such evidence was admissible in a case of a misdemeanor, there is nothing in the record to show that the defendant, an adult male, was in any danger, or that the woman Quigly, at the time she was assaulted by the defendant, was then doing anything showing an intention on her part to injure the defendant. We see nothing in the record for which we should reverse the judgment. It is, therefore, affirmed.

*Affirmed.*